Rowland *agt.* Fuller.

---

*Rowland, plaintiff in error, agt. Fuller, defendant in error.*

## Questions discussed.

1. The only question in this case was, whether the plaintiff's *declaration* was bad in *substance,* as well as in form ?

The declaration is as follows .

*Madison County, ss :* John Rowland, plaintiff in this suit, by N. King, jr., his attorney, complains of George K. Fuller, defendant in this suit, of a plea of trespass, *not* for breaking the plaintiff's close, but conformed and adapted to the circumstances and case of the wrongs hereinafter set forth, pursuant to the statute in such case made and provided, by filing and serving this declaration according to statute. For this, that the said plaintiff, on the first day of June, in the year of our Lord, eighteen hundred and forty-three, and thence onward, continually to the day of the commencement of this suit, was seized in fee simple of a lot of land, and two houses and a cistern on the same, situate in the town of Sullivan, in the county aforesaid, and within the jurisdiction of this court, lying on the

north side of the public highway which runs easterly and west-
erly, which has been called the north branch of the Seneca
turnpike road, in the village of Chittenango, in the said town,
of Sullivan, in the county aforesaid, which lot of land fronted
and lay adjoining in its width of four rods to the said highway,
and was bounded on its easterly side, then or formerly, by the
lot of one Newman Ware ; the said plaintiff then having one
Daniel T. Hurd, and one Christopher De Witt, for his tenants
in the possession of the said premises, and while the said plain-
tiff was so seized of his lot aforesaid ; the said defendant, on
the day and year aforesaid, and on divers other days and times
between that day and the day of the commencement of this
suit, wilfully and wrongfully dug up, plowed up, and subverted
the soil and land of the said plaintiff, lying open in the said
highway, directly opposite, and without the front line of his
lot aforesaid and adjoinining that lot; and also in like manner
dug up his soil and land, being the plaintiff's door-yard, of the
length of four rods, and width of twelve feet, lying within that
front line, and between the same and the plaintiff's said houses
on his said lot ; which lot, in width four rods, extended back
from the said highway, or road, twelve rods in depth ; and the
said defendant also wilfully and wrongfully undermined, dug
out, took up, and carried away the door-yard fence of the said
plaintiff, there found of great value, to wit, five hundred dol-
lars ; and took and carried away the earth and gravel from the
whole surface of the said door-yard, and to great depth, to wit,
two feet ; and also removed the sod and gravel from the cis-
tern aforesaid of the said plaintiff, and from the underpinning of
the said plaintiff's houses aforesaid, and took and carried away
the earth and gravel, and also all the earth, soil and gravel, so
as aforesaid dug up and subverted, to wit, five hundred wagon
loads of soil, earth and gravel of great value, to wit, other five
hundred dollars ; and also injured, stopped up, and impeded
the drain of the plaintiff's cellar there being, whereby, and in
consequence whereof, the said underpinning of said plaintiff's
houses, and plaintiff's said cellar and cistern were greatly un-
dermined, exposed and injured. and the plaintiff's said houses

Rowland *agt.* Fuller.

and door-yard, and cistern and cellar, and the whole of said plaintiff's lot and buildings thereon were greatly depreciated in value, and the said plaintiff lost the advantage of renting the same as theretofore, and other injuries to the said plaintiff, the said defendant, then and there did, to the damage of the said plaintiff of five hundred dollars; and therefore he brings suit, &c.

And now at this day, to wit, on the first Monday of May, in this same term of May, until which day the said defendant had leave tó imparle to the said bill of the said plaintiff, and then to answer thereto, &c., before the justices aforesaid, of the court aforesaid, at the City Hall, in the city of New-York, comes the plaintiff aforesaid, by his attorney aforesaid.

And said defendant, by John G. Stower, his attorney, then comes and defends the wrong and injury, when, &c., and says that the said amended declaration of the said plaintiff, and the matters therein contained in manner and form as the same are above stated and set forth, are not sufficient in law for the said plaintiff to have or maintain his aforesaid action thereof against him the said defendant, and he specifies the following causes of demurrer :

1. That the said amended declaration expressly professes in its commencement to be in trespass, conformed and adapted to the circumstances and case thereinafter set forth, pursuant to the statute in such case made and provided ; when in fact, no statute exists which allows the action of trespass to be brought under the circumstances, and in the form set forth iñ said declaration ; and so the same lacks due technicality, is uncertain, defective, repugnant and informal.

2. That the said declaration expressly alleges the plea therein contained to be in trespass, and yet refers to a statute, and alleges that the action is brought pursuant to it, which statute allows trespass on the case and not trespass to be brought in certain cases, where, before such statute, trespass was the only legal remedy ; and so is contradictory, repugnant in itself, uncertain and informal.

3. That the said declaration alleges the action not to be

brought for breaking the plaintiff's close, and yet alleges acts of the defendant, expressly showing and charging that he did break the close of the plaintiff, described in the said declaration as a lot of land, &c.; and so the said declaration is uncertain, contradictory, repugnant to itself, defective and informal.

4. That the said declaration, both in the description of the character of its plea, and in the form of the commencement of the description of the grievances therein set forth, purports to be in trespass; whereas the alleged supposed injuries therein set forth, and of which the plaintiff complains, are indirect and consequential, and the subject of an action on the case; and also that it is not in said declaration alleged that the said grievances, or trespasses, were committed with force and arms, and against the peace, &c.; and so the said declaration is uncertain, repugnant, and contradictory to itself and informal.

5. That the commencement of the said declaration is in trespass, and the allegations of the perpetration of the said supposed grievances in the declaration, and the termination thereof, are in case; and so the said declaration is uncertain, repugnant to itself, and informal.

6. That the said declaration improperly comprehends and includes therein pretended causes of action different in their nature, to wit: a pretended cause of action founded on a supposed digging up, plowing up, and subverting the soil and land of the plaintiff, lying open in the highway directly opposite and without the front line of the lot described in the said declaration as belonging to the said plaintiff; and also another pretended cause of action for digging up his soil and land, being the plaintiff's door-yard, of the length of four rods, and width of twelve feet, lying within the front line of the plaintiff's lot, between the same and the plaintiff's house on the said lot, which lot extends back from the highway twelve rods in depth; and also for undermining, digging out, and taking up and carrying away the earth, soil and gravel, from the whole surface of the said door-yard, which causes of action are incompatible with each other, and ought not to be joined in the said decla-

Rowland *agt.* Fuller.

ration; and also that causes of action founded on wilful and determined wrongs and injuries attended with immediate damage, ought not to be, and cannot be blended in the same declaration with causes of action founded upon consequential wrongs and injury; and, in this respect, the said declaration seeks to recover upon a misjoinder of causes of action.

7. That the said declaration is contradictory and repugnant in its commencement, to the statement of alleged grievances in the body thereof, and in its close—the commencement being in trespass, and the statement of the alleged causes of action, and close in trespass on the case.

8. That the said declaration shows no cause of action in a plea of trespass against the said defendant.

9. That the said declaration shows no cause of action against the said defendant.

10. That the said declaration contains the following surplus, prolix and unmeaning words: " and within the jurisdiction of this court." And this he, the said defendant, is ready to verify, &c.

The plaintiff put in a joinder in demurrer. The supreme court, in July term, 1844, rendered judgment for defendant on the demurrer. The plaintiff brought a writ of error, and removed the judgment into the court of errors, which became transferred to this court.

*N. King, jr.,* attorney, and

*Nathaniel King,* counsel for plaintiff in error.

*First.* The declaration is good; (5 *Hill,* 176, 177.)

*Second.* The ten causes of demurrer are groundless: because the 1st, 2d, 3d, 4th, 5th, 7th, 8th and 9th, turn continually on the *plea,* or supposed *misnaming* of the action, " of which advantage cannot be taken, even on special demurrer," (*Graham's Pr.,* 2d ed. 202;) and " the *name* of the action is *surplussage,*" (5 *Hill,* 177;) the 6th is groundless, because wrongs done to Rowland's land, in the highway and in his door-yard, may be joined; and the 10th is confessed frivolous by the defendant.

Rowland *agt.* Fuller.

(1 *R. S.* 749 ; 6 *Bac. Ab.* 566, 567 ; 1 *Johns.* 511 ; 3 *Johns.* 468 ; 2 *R. S.* 356, § 28 ; 9 *Johns.* 62 ; 2 *R. S.* 352, §§ 4 & 5 ; 3 *Bl. Com.* 122 ; 3 *Wooderson*, 193, 194.

☞ This is not *trespass*, but *case*. ☜

John G. Stower, *attorney*, and

Henry Fuller, *counsel* for defendant in error.

The demurrer to the declaration in the court below was well taken ; because,

*First.* If the declaration is deemed to be in trespass, it is bad for the reasons :

1. It is bad upon *general* demurrer, because trespass cannot be maintained by the plaintiff, a landlord, while his tenants are in possession ; his remedy is by an action on the case for the injury done to his reversionary interest. (1 *Chit. Pl., Spring-field ed.,* 202, 204, 206 ; 1 *John. Rep.,* 512 ; 3 *John. Rep.,* 468 ; 9 *John. Rep.* 62, *text and note*(a).

2. It is bad upon *special* demurrer, for the want of the " *viet armis* " and " *contra pacem*" clauses. (1 *Chitty's Pl.,* same ed., *text and notes* (a) *to* (h) *and* (2.)

*Second.* The declaration is not good under the statute giving *trespass on the case* in certain cases, where before *trespass* was the proper remedy. (2 *Rev. Stat., old ed.,* 553, § 16 ; *new ed. vol.* 2, 456.) That statute gives trespass on the case in its technical form, and not in that of the anomalous pleading, neither trespass, or trespass on the case, here presented to the court. If the pleader did design the declaration to have been drawn in conformity to the statute, it should have been in the usual form of trespass on the case.

It is not in trespass on the case for the reasons :

1. The pleader expressly declares, in the commencement of his declaration, that he complains of the defendant " of a plea of trespass." (1 *Hill's Rep.* 71.)

2. In his statement of injuries, the declaration begins with " For this that," which is only proper in trespass. (1 *Chit.*

*Pl.* 422, *same ed., text and notes* (*x*) *and* (1, 2.) 7 *Cranch's Rep.* 158; 3 *Hen. & Mun.* 271; 7 *John. Rep.* 109.)

As to the form of the commencement in case, (*see* 2 *Chitty, same ed.,* 596; *same,* 769, *bottom of page.*)

3. The allegation that the acts complained of were done " wilfully and wrongfully," clearly characterizes the action as *trespass,* and not *trespass* on the case. (1 *Chit. Pl.* 226, *text and note* (*s.*) 6 *Term Rep.* 125; 8 *Term Rep.* 188; 1 *Chit. Pl.* 109, 110; *same,* 226, *note* (*g*); 7 *John. Rep.* 109.

*Third.* This is not a case within the mischief the statute was designed to remedy, by allowing case to be brought—the injury being alleged to have been *wilfully* committed, and the statute having been designed to meet cases where the form of the action was doubtful. (2 *Rev. Stat., old ed.,* 553; *new ed.,* 456; *Reviser's notes,* 3 *Rev. Stat., new ed.* 778.)

*Fourth.* Nor does that statute apply to injuries to *real* estate; its operation is confined to wrongs inflicted upon *persons* and *personal* property only. (*See references to the* 3d *point.*)

*Fifth.* But to whatever class of actions the declaration may belong, it is substantially inconsistent and repugnant to itself, and bad; because,

1. In its commencement, it professes *not* to assert a right of action for breaking the close of the plaintiff, and in the body of it sets up one founded upon such breaking alone.

2. In its commencement, it states the action to be " of a plea of trespass," and prefaces the statement of the injuries complained of, with the distinctive phrase in that form of action, " for this that," and then asserts them to have been *wilfully* committed; and in the other portions of it, and in the close, it omits all allegations of force, and sets forth a state of facts under which trespass does not lie.

3. The declaration alleges the injury to have been willful, and the form of action to be trespass, and yet closes in case. It is good cause of demurrer, that its close does not conform to its commencement.

4. The declaration professes to be in *trespass* conformed, &c., pursuant to the statute, &c., when no statute exists which al-

Rowland *agt.* Fuller.

lows trespass to be brought under the circumstances, and in the form set forth in this declaration.    The statute alluded to gives *trespass on the case,* not *trespass.*    (1 *Chitty's Pl., Springfield ed.,* 264, 266 ; 5 *Com. Dig.* 338, *Title Pleader, ch.* 23, *as to repugnance.*)

*Sixth.*  The declaration shows no good and legally expressed cause of action against the defendant.

*Seventh.*    The judgment of the supreme court should be affirmed.

☞ 2 *Humph. Pre.* 746 ; 1 *M. & S.* 234 ; 8 *Pick.* 235.

BRONSON, J.    Whether the pleader intended to get the start of all the reformers of the day, may be a doubtful question ; but he has evidently been at some pains to keep clear of legal precedents, and has framed the declaration after the pattern of the earth at the time when it was " without form and void." It will not be necessary, however, to look at any question of mere form, for the declaration is bad in substance.

The pleader has called this an action of trespass, and it certainly comes nearer to that than it does to anything else ; and then the difficulty is, that as the premises are in the occupation of tenants, and the plaintiff has no possession in fact, he cannot maintain the common law action of trespass.

If this can be regarded as an action on the case, the declaration will still be bad ; because it alleges an injury to the property generally, and neither limits the complaint to an injury done to the plaintiff's *reversionary estate and interest* in the property, nor avers that there was any injury to that *estate or interest.*    All the precedents are against the pleader, (8 *Went. Plead.* 587 ; 2 *Chit. Plead.* 777, *ed. of* 1837 ; 2 *Humph. Pre.* 746.) In *Jackson* v. *Pesked,* (1 *M. & S.* 234,) judgment was arrested after verdict, for the want of an averment that the plaintiff was injured in his reversionary estate and interest in the premises.

This is something more than a nice point in pleading.    The tenants are entitled to damages for the disturbance in the present enjoyment of the property ; and the landlord is only entitled to damages for such injury as may have been done to the

Rowland *agt.* Fuller.

reversion. The averment in question should be made not only for the purpose of stating truly the case on which the party claims to recover, but also for the purpose of limiting the recovery to the proper amount of damages. In *Jackson* v. *Pesked*, no doubt was entertained but that the declaration would have been bad on demurrer; and the question was whether, after verdict, the court could not infer that the plaintiff was confined at the trial to the proof of such an injury as would be prejudical to the reversion, and that all evidence short of that effect had been excluded. The court did not find itself able to make that inference. After examining the cases, lord ELLENBOROUGH said, there was no authority upon which they would be warranted in presuming that the jury were confined to such injuries as would necessarily prejudice the reversion, as the charge in the declaration was conceived in such terms as to include injuries which were not necessarily prejudicial to it, but more aptly and naturally applied to injuries to the possession only. He added, that as the plaintiff had not charged that the reversion was prejudiced, or that the plaintiff was damnified in respect thereof, the court was not warranted in inferring that such a prejudice, out of the natural and ordinary scope of the allegation, must have been proved. All this is applicable to the case in hand.

It is possible, and perhaps probable, that some of the acts complained of would injure the plaintiff's reversionary interest in the property. But that is more than we can certainly know; and it is not a matter which should have.been left to inference. There should have been a direct averment. And, besides, if we could see that all of the acts must have been proved prejudicial, in some degree, to the reversioner, we can see still more clearly that they must also have been injurious to the tenants; and then, as the plaintiff has not restricted himself to a claim as reversioner, he may recover, upon the declaration as it now stands, not only his own damages, but the damages which have been done, and which belong to the tenants.

If the plaintiff had sued on the statute which gives an action of trespass to a reversioner for an injury done to the inherit-

Rowland *agt.* Fuller.

ance, (1 *R. S.* 750, § 8,) the declaration would be insufficient, because it neither avers that an injury has been done to the inheritance, nor limits the claim to damages for such an injury. What has been said under the last head, is equally applicable here.

In going beyond the authorities, and showing that they are right in principle, it must not be understood that I think such a course at all necessary. If this were no more than a question of form, I should feel bound by the law as I find it, without regard to my own notions of what it ought to be. Reforming and amending the laws is a work which belongs to the legislature, and not to the courts. However it may be with others, I am bound by established precedents. When the new code of procedure comes into operation, I shall follow it as well as I know how. But, until then, I shall follow the law as it is, without regard to the fashion or temper of the times.

I am of opinion that the judgment of the supreme court is right, and should be affirmed.

DECISION—*Judgment affirmed. For affirmance*—BRONSON, JONES, RUGGLES and GRAY. *For reversal*—JEWETT, GARDINER, WRIGHT and JOHNSON.

NOTE.—BRONSON, J., *held* that the declaration was bad in *substance*, as well as in form. If the action was called *trespass*, the plaintiff had not the possession in fact, and could not maintain the common law action of trespass.

If it was called an action on the *case*, it was bad because it alleges an injury to the property generally, not limiting to an injury done to plaintiff's reversionary estate and interest in the property, nor avers that there was any injury to that estate or interest.

*Not reported.*